[No. 9163.    Department One.    December 12, 1910.]

W. N. COLER, JR., *Respondent*, v. LEWIS W. CENTER, *Appellant*.[1]

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered June 13, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of ejectment. Affirmed.

*A. H. Garretson* and *Jesse Thomas*, for appellant.
*Frank D. Nash*, for respondent.

PER CURIAM.—This action was brought by the respondent under § 785 of Rem. & Bal. Code, to recover from the appellant the possession of certain lands situated in Pierce county of which the respondent alleged he was the owner in fee, to quiet his title thereto, and to enjoin the defendant from asserting rights therein, or otherwise interfering with the property. In his complaint the respondent deraigned his title from the government of the United States, showing a complete record title to the property in himself. The appellant in defense pleaded the statute of limitations, alleging that he had been in the open, notorious and exclusive possession of the property under a claim or right for a period of more than ten years next preceding the commencement of the action. The court on the trial, which was had without the intervention of a jury, found for the respondent, and entered judgment in his favor. This appeal followed.

There is no serious difference between the parties over the rules of law involved. The questions discussed are principally questions of fact, and these questions, we think, the trial court correctly resolved in favor of the respondent. The respondent's evidence shows a complete record title to the property in himself, and we think the appellant failed to show any such open, notorious and continuous possession for the required period as would ripen into a right by adverse possession. It would serve no useful purpose to review the evidence. It is sufficient to say that we have examined it and are satisfied with the conclusions drawn therefrom by the trial judge.

The judgment is affirmed.

[1]Reported in 112 Pac. 94.